(22 Misc. Rep. 560.)

### BAKER v. BUCKLIN.

(Supreme Court. Special Term, Herkimer County. February, 1898.)

LIQUOR TAX—CENSUS.

Under Liquor Tax Law, § 11, subd. 1, declaring an excise tax on the liquor business, if in a city having by the last state census a population of 1,500,000, $800; if in a village having by said census a population of less than 5,000 but more than 1,200, $200; with provision for a tax of $100 if the population is less than 1,200,—and subdivision 4, providing that, where the population of a city or village is not shown by the last state census, it shall be determined for the purposes of this act by the last United States census, and if not so shown, "by reason of the incorporation of a new city or village," enumeration shall be taken by the commissioner of excise,—such enumera-

tion is not authorized where the population of a village is stated in the census, not separately, but as part of a town; but, though such population is not separately stated, it being admitted and apparent that it is between 1,200 and 5,000, a $200 tax can be collected.

Action by Joseph W. Baker against Lorenzo O. Bucklin, individually and as county treasurer of Herkimer county, to recover part of the money paid by plaintiff for a liquor tax certificate, claimed to be in excess of the amount required by law. Complaint dismissed.

William J. Gardinier, for plaintiff.

E. E. Sheldon, for defendant.

McLENNAN, J. On or about the 1st day of May, 1896, one John T. Kerrivan, who was then county treasurer of Herkimer county, upon proper application to him made, issued to the plaintiff liquor tax certificate No. 25,103, in and for the village of Herkimer, and received from the plaintiff the sum of $200 in payment therefor. Within 10 days thereafter said Kerrivan, as such county treasurer, turned over the moneys so received from the plaintiff to the state of New York and to the village of Herkimer, as required by law. On the 1st day of January, 1897, the defendant, Lorenzo O. Bucklin, became county treasurer of Herkimer county, having succeeded said John T. Kerrivan, and ever since has been, and now is, such treasurer, and as such received from his predecessor all moneys, books, and papers in his predecessor's hands. None of the moneys, however, which were received from the plaintiff, were turned over to the defendant, but the defendant has had in his hands, at various times, moneys received for issuing liquor tax certificates, amounting in the aggregate to a sum largely in excess of plaintiff's claim. Before the commencement of this action the plaintiff duly demanded of the defendant $100, the excess claimed to have been paid for the liquor tax certificates issued to him as· aforesaid.

Section 11, subd. 1, of the liquor tax law (1 Laws 1896, c. 112, p. 51), is as follows:

"Excise taxes upon the business of trafficking in liquors shall be of four grades and assessed as follows:

"Subdivision 1. Upon the business of trafficking in liquors to be drunk upon the premises where sold, or which are so drunk, whether in a hotel, restaurant, saloon, store, shop, booth or other place, or in any outbuilding, yard or garden appertaining thereto or connected therewith, there is assessed an excise tax to be paid by every corporation, association, copartnership or person, engaged in such traffic, and for each such place where such traffic is carried on by such corporation, association, copartnership or person, if the same be in a city having by the last state census a population of fifteen hundred thousand or more, the sum of eight hundred dollars; * * * if in a village having by said census a population of less than five thousand but more than twelve hundred. the sum of two hundred dollars; if in any other place the sum of one hundred dollars. * * *"

By the last paragraph of subdivision 4 of said act it is provided:

"When the population of a city or village is not shown by the last state census, it shall be determined for the purposes of this act by the last United States census, and if not so shown by reason of the incorporation of a new city or village, the state commissioner of excise is authorized and directed to cause an enumeration of the inhabitants to be taken in such city or village. * * *"

It appears by the evidence in this case that the population of the village of Herkimer was not separately returned and stated by the last state census, or by the last United States census, referred to in the above act, but the village of Herkimer was reported and stated in each census as a part of the town of Herkimer, and it appears that there was no separate enumeration of the inhabitants of the village, but the enumeration in each case was of the entire town of Herkimer. So that there is no statement in either census which shows the population of the village of Herkimer separately. The population of the entire town of Herkimer is shown by the last state census to be 5,150, and consequently, if the population of the village was not at least 1.200, the population of the town would be at least 3,950. We think that the court may take judicial notice of the fact that the population of the town of Herkimer, outside of the village of Herkimer, at the time of the taking of the last state census, was not 3,950, and, therefore, that the population of the village of Herkimer at that time, as shown by the last state census, was in excess of 1,200. It was conceded upon the trial that, at the time the liquor tax certificate was applied for by the plaintiff, and issued to him by the then county treasurer, the actual population of the village of Herkimer was at least 4,000, and such a number as to entitle the county treasurer to demand the sum of $200 from the plaintiff, the amount which he received. At the time the money was paid to the then county treasurer by the plaintiff, no question was raised as to the population of the village of Herkimer, and no question was made as to the amount of tax which should be paid by the plaintiff; but it may be held, notwithstanding that fact, that such payment by the plaintiff was not voluntary, it having been demanded of him, and paid by him pursuant to statute.

It is urged on behalf of the plaintiff that, because the population of the village of Herkimer is not separately stated in the last state census, nor in the last United States census, and because it does not appear, by separate statement, that the population of the village of Herkimer was more than 1,200 at the time the certificate in question was issued to the plaintiff, the county treasurer should only have demanded and received for the certificate in question the sum of $100, notwithstanding the population of the village was actually 4,000, and largely in excess of the number required to entitle such county treasurer to demand and receive the sum of $200 for such certificate. In effect, the plaintiff concedes that he paid the exact amount which he should have paid for the right to engage in the liquor business in a village having a population of the village of Herkimer, but insists that, because such population was not shown by a separate statement in either census referred to, he should pay upon the basis that the population was less than 1,200, although conceding that it was in fact 4,000. It is not believed that such is the proper construction of the statute in question. It is specifically provided by the act referred to that, in villages having a population of more than 1,200, $200 must be paid for a liquor tax certificate which will entitle a person to engage in the liquor business in such village. As a ready means of ascertaining the population of a municipality, where it is close or in dispute, it is provided by said act

that recourse may be had to the last state or United States census. It does not follow that, where the population of a village is well known, and is conceded to be largely in excess of the number which would require the payment of $200 for a liquor tax certificate, a less sum should be paid because such population is not separately stated in the census referred to. Such a construction of the statute would be unreasonable and unjust, and would permit unjust discrimination as between villages, and there is no method provided by the statute by which such an unjust discrimination could be avoided, in case the contention of the plaintiff should prevail. The last paragraph of subdivision 4 of the act only provides for a new enumeration of the inhabitants of a village where the population is not shown by the last state census nor by the last United States census, "by reason of the incorporation of a new city or village." In that case the state commissioner of excise is authorized and directed to cause an enumeration of the inhabitants to be taken in such city or village. So that, in the case at bar, if the contention of the plaintiff is to prevail, notwithstanding the population of the village of Herkimer is conceded to have been 4,000 at the time in question, notwithstanding the fact that the court must take judicial notice of such population, and notwithstanding the further fact that, from the last state census, it may clearly be ascertained that the population of the village of Herkimer was in excess of 1,200, applicants for liquor tax certificates in said village can only be required to pay upon the basis and upon the assumption that the population of said village was less than 1,200. As before said, it is believed that such construction would be unreasonable and unjust. The plaintiff paid for the certificate issued to him exactly what he should have paid. He paid the amount, knowing what the population of the village was, or at least knowing that it was largely in excess of 1,200, and he is not entitled to recover back any part of the sum so paid, simply because the population of said village is not separately stated in the last state census, nor in the last United States census.

It is unnecessary to consider any of the other questions raised by defendant's counsel. The plaintiff's complaint should be dismissed, with costs. Judgment is ordered accordingly.

Ordered accordingly.